[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties have come before this court seeking a dissolution of their marriage and an equitable distribution of their assets and liabilities.
The plaintiff and the defendant were married in Glencoe, Illinois, on June 19, 1965.
The plaintiff, Mary L. Martin, has resided in the State of Connecticut for more than one year immediately preceding the bringing of this complaint.
All of the children issue of their marriage have reached their CT Page 88 majority so there are no orders to be issued relative to their custody and care.
The marriage has broken down irretrievably and the court therefore enters a decree of dissolution.
While this is a long term marriage of some 27 years, actually the parties have not lived together for approximately seven years, the plaintiff residing in their home in Shelton, Connecticut, and the defendant residing in Salt Lake City, Utah, the location of his employment. This came about when the defendant left his position at Stauffer Chemical in Westport to secure employment in the Chicago area, at which time he secured employment with Abbott Laboratories. Eventually he obtained employment with the Agridyne Technologies, Inc. of Salt Lake City, Utah. The plaintiff was not anxious to relocate and remained behind while their children were attending schools in the area. Subsequently, it came to pass that the plaintiff had no interest in moving from Shelton.
The plaintiff is employed by the State of Connecticut as a social worker, having achieved the position of case manager. Her weekly gross income amounts to $749 per week and her weekly net income is $517. The defendant is presently employed by Agridyne Technologies and is an executive vice president. His weekly gross income is $2,500, while his net income amounts to $1,683.
The court, in entering the following orders, has given due consideration to provisions of 46b-81 and 46b-82 of the Connecticut General Statutes.
The defendant is hereby directed to pay as alimony the sum of $580.00 per week until the death of either party, the plaintiff's remarriage or cohabitation as defined by statute. Upon the defendant reaching the age of 65 he may petition the court to review the circumstances of the parties at that time to make a determination as to what alimony, if any, the defendant shall continue to pay.
The defendant shall convey to the plaintiff all of his right, title and interest in the marital residence at 7 Arrowhead Lane, Shelton, Connecticut. Henceforth all of the responsibilities relating to the maintenance of said property, including but not limited to mortgage, taxes and insurance, shall be the obligation of the plaintiff. CT Page 89
The plaintiff shall convey to the defendant all of her right, title and interest in the property located at 560 East South Temple Governors Plaza #801, Salt Lake City, Utah, the defendant's residence. Thereafter, all of the obligations relating to said property shall be the obligation of the defendant.
Both parties shall hold each other harmless from any further obligations relating to the respective properties.
All of the personal property located within their respective residences shall become their property, free and clear of any interest by the other party.
Each party, except as otherwise indicated, shall be responsible for the debts listed on their respective financial affidavits.
The defendant shall retain the ownership of his 1984 Jeep CJ7 and 1972 Volkswagen while the plaintiff shall retain the ownership of her 1989 Jeep Cherokee. Each party shall be responsible for any liabilities thereon and shall hold the other harmless from any liabilities relating thereto.
The plaintiff shall retain her sole interest in her State of Connecticut Employee's Retirement plan along with her Employee's Credit Union account.
The defendant shall retain his sole interest in his Stauffer Chemical Co. Retirement plan. He shall also retain his sole interest in the Agridyne Technologies, Inc. 401K retirement plan. The Abbott Laboratories Pension plan for which the defendant is aware of it's value, shall be divided 50% to the defendant and 50% to the plaintiff.
The Agridyne Technologies stock options shall be divided equally between the parties.
The Janney, Montgomery Scott Inc. Investment Account shall be divided 80% to the defendant and 20% to the plaintiff.
The parties are to file a joint income tax return for the calendar year 1992. It shall be the responsibility of the defendant to have the return prepared and any expense relating thereto shall be his obligation. CT Page 90
The defendant shall pay as counsel fees the sum of $5,000 payable within 30 days.
The Court
CURRAN, J.